■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO BENVENUTTI, Appellant. [775 NYS2d 854]—Judgments, Supreme Court, New York County (Michael J. Obus, J.), rendered on or about October 15, 2001, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur— Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.

■ MICHAEL SMALL, Appellant, v BRODSKY 42, LLC, et al., Respondents, et al., Defendants. [775 NYS2d 853]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered on or about November 12, 2003, which directed plaintiff to appear for a physical examination within 45 days of designation of an examining physician on behalf of the defense, unanimously affirmed, without costs.

The order on appeal did not penalize plaintiff by vacating his note of issue and statement of readiness despite his inaccurate statement that a physical examination had been completed. Prior compliance orders had dealt with defendants' willful failure to designate a physician to conduct a physical examination of plaintiff. This cannot be construed as an abuse of the court's discretion. Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.